Jonathan M. Herman JUDGE HOLWELL
Joshua Colangelo-Bryan (JCB-6838)
Stephen M. Raab (SR-0742)
DORSEY & WHITNEY LLP
250 Park Avenue
New York, NY 10177-1500
(212) 415-9200

Attorneys for Defendants CIS Financial
Services, Inc.; Cargill, Inc.; and Cargill
Investor Services, Inc.

**07 CV 3287**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
                                                                    :
JF CORPORATION and INTERCITRUS                                      :
EXPORT LTD.,                                                         :
                                                                    :
                              Plaintiffs,                           :
                                                                    :          07 Civ.
              -against-                                              :
                                                                    :
CIS FINANCIAL SERVICES, INC., CARGILL,                             :
INC., and CARGILL INVESTOR SERVICES, INC.,                         :
                                                                    :
                              Defendants.                           :
--------------------------------------------------------------------X

RECEIVED
APR 24 2007
U.S.D.C. S.D.N.Y.
CASHIERS

                          **NOTICE OF REMOVAL**

        Defendants CIS Financial Services, Inc.; Cargill, Inc.; and Cargill Investor Services, Inc.

(collectively "Defendants"), by their attorneys Dorsey & Whitney LLP, state as follows:

        1.      On or about March 9, 2007, plaintiffs JF Corporation and Intercitrus Export Ltd.

(collectively "Plaintiffs") filed an action against Defendants in the Supreme Court of the State of

New York in and for the County of New York, entitled <u>JF Corporation v. CIS Financial Services,</u>

<u>Inc.</u>, Index No. 103254/07. The Summons and Complaint which initiated that action, copies of

which are annexed hereto as Exhibit A, were received by Defendants on March 26, 2007. No

further proceedings have been had therein.

        2.      This is a civil action over which this Court would have original jurisdiction under

28 U.S.C. § 1332(a)(2), in that the matter in controversy exceeds the sum or value of $75,000.00,

exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiffs and Defendants. Thus, the action may be removed by Defendants to this Court pursuant to 28 U.S.C. § 1441(b).

3.      Upon information and belief, plaintiff JF Corporation is, and was at the time that this action was commenced in state court, a corporation organized and existing under the laws of the Bahamas, with its principal place of business in Brazil.

4.      Upon information and belief, plaintiff Intercitrus Export Ltd. is, and was at the time that this action was commenced in state court, a corporation organized and existing under the laws of the Bahamas, with its principal place of business in Brazil.

5.      Prior to its dissolution, effective May 19, 2006, defendant CIS Financial Services, Inc. was a corporation organized under the laws of the State of Delaware, with its principal place of business in Chicago, Illinois.

6.      Defendant Cargill, Inc. is, and was at the time that this action was commenced in state court, a corporation organized under the laws of the State of Delaware, with its principal place of business in Minneapolis, Minnesota.

7.      Defendant Cargill Investor Services, Inc. is, and was at the time that this action was commenced in state court, a corporation organized under the laws of the State of Delaware, with its principal place of business in Chicago, Illinois.

8.      The amount in controversy exceeds $75,000, exclusive of costs and interest, in that the Complaint seeks an amount in excess of one million dollars ($1,000,000.00) in damages.

9.      Defendants are filing this Notice of Removal within 30 days of the receipt of the Summons and Complaint filed in state court. Therefore, this action is being timely removed to this Court pursuant to 28 U.S.C. § 1446(b).

10.      Defendants will give written notice of the filing of this Notice as required by 28 U.S.C. § 1446(d).

11.    A copy of this Notice will be filed with the clerk of the Supreme Court of the State of New York in and for the County of New York, as required by 28 U.S.C.§ 1446(d).

WHEREFORE, Defendants pray that the above action now pending against them in the Supreme Court of the State of New York in and for the County of New York, be removed therefrom to this Court.

Dated: New York, New York
      April 24, 2007

**DORSEY & WHITNEY LLP**

By: _Jonathan M. Herman_

Jonathan M. Herman (JH-8388)
Joshua Colangelo-Bryan (JCB-6838)
Stephen M. Raab (SR-0742)
250 Park Avenue
New York, New York  10177
(212) 415-9200

Attorneys for Defendants

TO:    Michael B. Sena, Esq.
      Herzfeld & Rubin, P.C.
      40 Wall Street
      New York, New York  10005
      (212) 471-8527

      Attorneys for Plaintiffs

      New York County Clerk
      60 Centre Street
      New York, New York  10007

4833-0437-5297\2

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
03/26/2007
Log Number 512071900

**TO:**      JoAnne Shafer
Cargill, Incorporated
Cargill Office Center, 15407 McGinty Road West
Wayzata, MN, 55391

**RE:**      **Process Served in New York**

**FOR:**     Cargill, Incorporated (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JF Corporation and Intercitrus Export Ltd., Pltfs. vs. CIS Financial Services, Inc., et al. including Cargill, Inc., Dfts.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Verified Complaint |
| **COURT/AGENCY:** | New York County: Supreme Court, NY<br>Case # 103254/07 |
| **NATURE OF ACTION:** | Wrongful cancellation of Pltf.'s unlimited credit line for commodity trading |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 03/26/2007 postmarked on 03/21/2007 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after the service is complete |
| **ATTORNEY(S) / SENDER(S):** | Michael B. Sena<br>Herzfeld & Rubin, P.C.<br>40 Wall Street<br>New York, NY, 10005<br>212-471-8527 |
| **REMARKS:** | Refer to previous log # 510608322 forwarded on 10/11/2005. Papers were served on the New York State Secretary of State on 3/19/2007. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/26/2007, Expected Purge Date: 03/31/2007<br>Image SOP - Page(s): 12<br>Email Notification, JoAnne Shafer joanne_shafer1@cargill.com<br>Email Notification, Karen Gooch karen_gooch@cargill.com<br>Email Notification, Trisha Smith trisha_smith@cargill.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Christopher Tilton<br>111 Eighth Avenue<br>New York, NY, 10011<br>212-894-8940 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

State of New York - Department of State
Division of Corporations

Party Served:
  CARGILL, INCORPORATED

Plaintiff/Petitioner:
  JF CORPORATION


C/O C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK,  NY 10011


Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of
State on 03/19/2007 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW.
 This copy is being transmitted pursuant to such statute to the address
provided for such purpose.


                                        Very truly yours,
                                     Division of Corporations

SUPREME COURT OT THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------- X

JF CORPORATION and INTERCITRUS
EXPORT LTD.,

                                    Plaintiffs,

                    - against -

CIS FINANCIAL SERVICES, INC., CARGILL,
INC., and CARGILL INVESTOR SERVICES,
INC.,

                                    Defendants. ·

-------------------------------------------------- X

Index No. *103254/07*

**SUMMONS**

Plaintiffs designate:
New York County as the
place of trial

The basis of the venue is
County where Defendants
maintain their place of
business

To the above named defendant(s)

    *YOU ARE HEREBY SUMMONED* to answer the Verified Complaint and Jury Trial Demanded in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within twenty (20) days after the service of this supplemental summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
     March 6, 2007

                      HERZFELD & RUBIN, P.C.

                      By _____
                           MICHAEL B. SENA, ESQ.
                      Attorneys for Plaintiffs
                      JF CORPORATION and INTERCITRUS
                      EXPORT LTD
                      40 Wall Street
                      New York, New York 10005
                      Tel: (212) 471-8527

TO:

     NEW YORK
  COUNTY CLERK'S OFFICE
     MAR 0 9 2007
   NOT COMPARED
   WITH COPY FILED

TO:

CIS FINANCIAL SERVICES, INC.
c/o New York Secretary of State
Albany, New York

CARGILL INC.
c/o New York Secretary of State
Albany, New York

CARGILL INVESTOR SERVICES, INC.
c/o New York Secretary of State
Albany, New York

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

JF CORPORATION and INTERCITRUS
EXPORT LTD.,                                    **VERIFIED COMPLAINT**

                                 Plaintiffs,    **JURY TRIAL DEMANDED**

        - against -

CIS FINANCIAL SERVICES, INC., CARGILL,
INC., and CARGILL INVESTOR SERVICES,
INC.,
                                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        Plaintiffs, JF CORPORATION ("JF"), and INTERCITRUS EXPORT LTD.,

("Intercitrus"), by their attorneys, Herzfeld & Rubin, P.C., 40 Wall Street, New York, New

York, by Michael B. Sena, Esq., as and for their Verified Complaint against the defendants,

allege, upon information and belief, as follows:

        1.      At all times relevant, plaintiff JF is a corporation duly organized and

existing under the laws of the Bahamas.

        2.      At all times relevant, plaintiff Intercitrus is a company duly organized and

existing under the laws of the Bahamas in the business of international trading of orange juice

and other products.

        3.      Upon information and belief, at all times relevant, defendant CIS

FINANCIAL SERVICES, INC. ("CIS"), is a financial services company organized under the

laws of the State of Delaware, with a principal place of business at Sears Tower, Suite 2300, 233

South Wacker Drive, Chicago, Illinois 60606, and is a wholly owned subsidiary of Cargill, Inc., and maintains an office at One World Financial Center, New York, New York.

4.      Upon information and belief, at all times relevant, defendant CARGILL, INC. ("Cargill"), is multinational corporation organized under the laws of the State of Delaware, and is engaged in commodities trading and purchasing in New York and throughout the world, and is the parent company of CIS, and maintains a place of business at One World Financial Center, New York, New York.

5.      Upon information and belief, at all times relevant, defendant CARGILL INVESTOR SERVICES, INC. ("Investors"), is a financial services company organized under the laws of the State of Delaware, with a principal place of business at Sears Tower, Suite 2300, 233 South Wacker Drive, Chicago, Illinois 60606, and is a wholly owned subsidiary of Cargill, Inc., and maintains an office at One World Financial Center, New York, New York.

## FACTUAL ALLEGATIONS

6.      On or about April 27, 1998, CIS and/or Investors and JF entered into a certain Loan Agreement whereby CIS and/or Investors agreed to effectuate certain commodities trading orders submitted by plaintiffs so that the plaintiffs could prudently hedge their citrus growing business operations in order to minimize the price fluctuations in oranges and other commodities.

7.      Although the initial commodities credit line was limited to $1,000,000, by subsequent agreement between the parties, CIS and/or Investors agreed to extend an unlimited credit line account to plaintiffs for their commodities trading through CIS and/or Investors.

2

8.      Thereafter, the parties and others entered into a Security Agreement in order to secure any obligations on the part of the plaintiffs incurred under the Loan Agreement for the commodities trading made by the aforementioned parties.

9.      As part of the guarantee to secure the trading activities of plaintiffs with CIS and/or Investors, plaintiffs pledged certain farms in Brazil to a related company to the defendants to secure the debts of plaintiffs herein.

10.     Thereafter, at all times relevant, in early 2000, a company known as Comitrus, the parent company of Intercitrus, commenced a meritorious action in Brazil against a company related to the defendants, among others, for breach of contract, to purchase and process oranges from the farms in Brazil owned by Comitrus, its shareholders and suppliers, the parent of Intercitrus.

11.     Fully aware of the pendency of the Brazilian action, defendants improperly attempted to influence, dissuade, and otherwise inhibit plaintiffs from prosecuting the suit in Brazil, by, among other things, maliciously canceling the guaranty to plaintiffs in 2000, interfering with the business operations and relations of plaintiffs with CIS and/or Investors and others, canceling the trading account between CIS and/or Investors and plaintiffs, resulting in severe damage to plaintiffs in their ability to hedge their business operations, to effectively and profitably conduct business operations and affairs, and to otherwise conduct unlimited trading on credit for oranges and other commodities.

12.     Upon information and belief, at all times relevant, defendants' motive in canceling the security agreement and trading account was to punish plaintiffs for the commencement and prosecution of the meritorious lawsuit in Brazil, and to otherwise

3

wrongfully use their substantial leverage and economic power to dissuade or inhibit plaintiffs from prosecuting said matter in Brazil.

13.    As part of the scheme and furtherance of their wrongful conduct, Cargill contacted the New York office of CIS and/or Investors in 2000 and directed CIS and/or Investors to "cut their heads" and to cease all trading on behalf of plaintiffs, and/or to cancel the CIS/Investors credit line, in order to wrongfully, maliciously, intentionally and improperly, punish said plaintiffs for the filing of the Brazilian lawsuit and to otherwise extort plaintiff into withdrawing the Brazilian suit unfairly, improperly, and without legal authority or right; numerous other phone meetings took place in New York and elsewhere as part of defendants' plan to punish plaintiffs for filing the Brazilian lawsuit.

14.    During the period of March – May, and thereafter, CIS/Investors renewed the Loan Agreement under the same advantageous terms as heretofore so that plaintiffs could continue to make unlimited trades on credit with the defendants.

15.    Defendants represented that the Loan Agreement was renewed, and that plaintiffs' rights and remedies to freely trade on a full credit basis in accordance with the long term course of dealing between the parties and plaintiff's relied upon those representations to their detriment.

16.    In late March 2000, after the Loan Agreement was renewed by the defendants, CIS/Investors wrote a letter to plaintiffs confirming that the plaintiffs had maintained sound, professional and proper business practices with CIS/Investors, thereby acknowledging that good and adequate conditions had been met to renew the Loan Agreement under the same terms and conditions that the parties had heretofore operated.

4

17.    Upon information and belief, beginning at that time, plaintiffs continued to trade with CIS/Investors so that plaintiffs could continue to hedge their orange juice growing business with futures and other instruments handled by defendants.

18.    At all times relevant, in March and April 2000, and thereafter, plaintiffs placed numerous trading orders with the defendants particularly CIS/Investors after the renewal of the Loan Agreement and that such trades were open and existing after the supposed end date of the Loan Agreement, many of them expiring in September 2000, thereby acknowledging and recognizing that the Loan Agreement and the plaintiffs' trading thereunder was renewed and continued after the alleged May 2000 expiration date.

19.    Beginning in April/May 2000, despite the fact that CIS/Investors was supposed to operate independently and separately from the other defendant Cargill entities, a related company began to exert wrongful and improper pressure upon CIS/Investors and other Cargill entities to retaliate against JF and Intercitrus in their business operations.

20.    In August 2000, as a pretext, CIS/Investors claimed that plaintiffs' critical trading privileges were allegedly discontinued because of delays in margin remittances from the plaintiffs even though all payments were timely and properly made, thereby evidencing that the reason for the wrongful cancellation of the Loan Agreement was the wrongful pressure and retaliatory acts initiated by the defendants.

21.    On or before August 10, 2000, CIS/Investors forwarded a copy of an Exemption Application filed with the New York Coffee, Cocoa and Sugar Exchange requesting an exemption to permit plaintiffs to place futures and derivative trades with CIS/Investors above

5

and beyond the limits of the exchange due to plaintiffs' large hedging needs , acknowledging that future trading was contemplated and recognized between the parties.

22.    Even after the alleged expiration of the May 2000 Loan Agreement, defendants continued to retain and hold the farms pledged by the plaintiffs as collateral to the credit for any trading conducted by the plaintiffs, thereby acknowledging that the trading rights and obligations and that existed under the Loan Agreement, and as part of the course of conduct an business between the parties, was and in fact continued and renewed.

## FIRST CAUSE OF ACTON

23.    Plaintiffs repeat and reallege each and every allegation contained in paragraph "1" through "22" hereof with the same force and effect as if fully set forth at length herein.

24.    Defendants' cancellation of the Loan Agreement and security agreement constituted a breach of their duties, responsibilities and obligations.

25.    As a result of defendants' wrongful cancellation of plaintiffs' unlimited credit line for commodity trading, plaintiffs were unable to effectuate hedge trading thereby damaging plaintiffs in their commercial business operations.

26.    By reason of the foregoing, defendants are liable to plaintiffs in an amount as yet undetermined but in excess of $1,000,000.00.

6

WHEREFORE, plaintiffs demands judgment against the defendants in an amount as yet undetermined, but in excess of $1,000,000 plus costs, expenses and disbursements incurred herein.

HERZFELD & RUBIN, P.C.

By _____

MICHAEL B. SENA
Attorneys for Plaintiffs
JF CORPORATION, and INTERCITRUS
EXPORT LTD.
40 Wall Street
New York, New York 10005
Tel: (212) 471-8527

7

DOS-1248 (11/96)

**DEPARTMENT OF STATE**
UNIFORM COMMERCIAL CODE
41 STATE STREET
ALBANY, NY 12231-0001

USA/CERTIFIED

• Patents 5,025,277 •
• 5,357,268 • 5,546,898 •
3-UP Laser Form ℗ /USA-OWF-075 11/03

Sender:



UNITED STATES POSTAGE
$ 05.12⁰
02 1A
000437.47734
MAR 21 2007
MAILED FROM ZIP CODE 12231

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
03/26/2007
Log Number 512071773

**TO:**   JoAnne Shafer
Cargill, Incorporated
Cargill Office Center, 15407 McGinty Road West
Wayzata, MN, 55391

**RE:**   **Process Served in New York**

**FOR:**   CIS FINANCIAL SERVICES, INC. (Domestic State: DE)
*According to our records representation services for this entity have been discontinued in this jurisdiction.*

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JF Corporation and Intercitrus Export LTD., Pltfs. vs. CIS Financial Services, Inc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Verified Complaint |
| **COURT/AGENCY:** | New York County: Supreme Court, NY<br>Case # 103254/07 |
| **NATURE OF ACTION:** | Wrongful cancellation of Pltf.'s unlimited credit line for commodity trading |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 03/26/2007 postmarked on 03/21/2007 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after completion of service |
| **ATTORNEY(S) / SENDER(S):** | Michael B. Sena<br>Herzfeld & Rubin, P.C.<br>40 Wall Street<br>New York, NY, 10005<br>212-471-8527 |
| **REMARKS:** | Refer to previous log # 511482687 forwarded on 09/18/2006. Papers were served on the New York State Secretary of State on 3/19/2007. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/26/2007, Expected Purge Date: 03/31/2007<br>Image SOP - Page(s): 11<br>Email Notification, JoAnne Shafer joanne_shafer1@cargill.com<br>Email Notification, Karen Gooch karen_gooch@cargill.com<br>Email Notification, Trisha Smith trisha_smith@cargill.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Christopher Tilton<br>111 Eighth Avenue<br>New York, NY, 10011<br>212-894-8940 |

Page 1 of  1 / PK

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion
as to the nature of action, the amount of damages, the answer date,
or any information contained in the documents themselves.
Recipient is responsible for interpreting said documents and for
taking appropriate action. Signatures on certified mail receipts
confirm receipt of the package only, not of its contents.

State of New York - Department of State
Division of Corporations

Party Served:                                Plaintiff/Petitioner:
  CIS FINANCIAL SERVICES, INC.                 JF CORPORATION


C/O C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK,   NY 10011


Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of
State on 03/19/2007 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW.
 This copy is being transmitted pursuant to such statute to the address
provided for such purpose.


                                              Very truly yours,
                                           Division of Corporations

SUPREME COURT OT THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

JF CORPORATION and INTERCITRUS
EXPORT LTD.,

Index No. 103254/07

                             **Plaintiffs,**

**SUMMONS**

         - against -

**Plaintiffs designate:
New York County as the
place of trial**

CIS FINANCIAL SERVICES, INC., CARGILL,
INC., and CARGILL INVESTOR SERVICES,
INC.,

**The basis of the venue is
County where Defendants
maintain their place of
business**

                       **Defendants.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

To the above named defendant(s)

       *YOU ARE HEREBY SUMMONED* to answer the Verified Complaint and Jury Trial Demanded in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within twenty (20) days after the service of this supplemental summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
     March 6, 2007

                      HERZFELD & RUBIN, P.C.

                     By                                                                            MICHAEL B. SENA, ESQ.
                          Attorneys for Plaintiffs
                          JF CORPORATION and INTERCITRUS
                          EXPORT LTD
                          40 Wall Street
                          New York, New York 10005
                          Tel: (212) 471-8527

TO:

NEW YORK
COUNTY CLERK'S OFFICE
MAR 0 9 2007
NOT COMPARED
WITH COPY FILED

TO:

> CIS FINANCIAL SERVICES, INC.
> c/o New York Secretary of State
> Albany, New York
>
> CARGILL INC.
> c/o New York Secretary of State
> Albany, New York
>
> CARGILL INVESTOR SERVICES, INC.
> c/o New York Secretary of State
> Albany, New York

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------ X

JF CORPORATION and INTERCITRUS
EXPORT LTD.,

                             Plaintiffs,

        - against -

CIS FINANCIAL SERVICES, INC., CARGILL,
INC., and CARGILL INVESTOR SERVICES,
INC.,

                         Defendants.

**VERIFIED COMPLAINT**

**JURY TRIAL DEMANDED**

------------------------------------------------ X

        Plaintiffs, JF CORPORATION ("JF"), and INTERCITRUS EXPORT LTD.,

("Intercitrus"), by their attorneys, Herzfeld & Rubin, P.C., 40 Wall Street, New York, New

York, by Michael B. Sena, Esq., as and for their Verified Complaint against the defendants,

allege, upon information and belief, as follows:

        1.     At all times relevant, plaintiff JF is a corporation duly organized and

existing under the laws of the Bahamas.

        2.     At all times relevant, plaintiff Intercitrus is a company duly organized and

existing under the laws of the Bahamas in the business of international trading of orange juice

and other products.

        3.     Upon information and belief, at all times relevant, defendant CIS

FINANCIAL SERVICES, INC. ("CIS"), is a financial services company organized under the

laws of the State of Delaware, with a principal place of business at Sears Tower, Suite 2300, 233

South Wacker Drive, Chicago, Illinois 60606, and is a wholly owned subsidiary of Cargill, Inc., and maintains an office at One World Financial Center, New York, New York.

4.     Upon information and belief, at all times relevant, defendant CARGILL, INC. ("Cargill"), is multinational corporation organized under the laws of the State of Delaware, and is engaged in commodities trading and purchasing in New York and throughout the world, and is the parent company of CIS, and maintains a place of business at One World Financial Center, New York, New York.

5.     Upon information and belief, at all times relevant, defendant CARGILL INVESTOR SERVICES, INC. ("Investors"), is a financial services company organized under the laws of the State of Delaware, with a principal place of business at Sears Tower, Suite 2300, 233 South Wacker Drive, Chicago, Illinois 60606, and is a wholly owned subsidiary of Cargill, Inc., and maintains an office at One World Financial Center, New York, New York.

## FACTUAL ALLEGATIONS

6.     On or about April 27, 1998, CIS and/or Investors and JF entered into a certain Loan Agreement whereby CIS and/or Investors agreed to effectuate certain commodities trading orders submitted by plaintiffs so that the plaintiffs could prudently hedge their citrus growing business operations in order to minimize the price fluctuations in oranges and other commodities.

7.     Although the initial commodities credit line was limited to $1,000,000, by subsequent agreement between the parties, CIS and/or Investors agreed to extend an unlimited credit line account to plaintiffs for their commodities trading through CIS and/or Investors.

8.      Thereafter, the parties and others entered into a Security Agreement in order to secure any obligations on the part of the plaintiffs incurred under the Loan Agreement for the commodities trading made by the aforementioned parties.

9.      As part of the guarantee to secure the trading activities of plaintiffs with CIS and/or Investors, plaintiffs pledged certain farms in Brazil to a related company to the defendants to secure the debts of plaintiffs herein.

10.     Thereafter, at all times relevant, in early 2000, a company known as Comitrus, the parent company of Intercitrus, commenced a meritorious action in Brazil against a company related to the defendants, among others, for breach of contract, to purchase and process oranges from the farms in Brazil owned by Comitrus, its shareholders and suppliers, the parent of Intercitrus.

11.     Fully aware of the pendency of the Brazilian action, defendants improperly attempted to influence, dissuade, and otherwise inhibit plaintiffs from prosecuting the suit in Brazil, by, among other things, maliciously canceling the guaranty to plaintiffs in 2000, interfering with the business operations and relations of plaintiffs with CIS and/or Investors and others, canceling the trading account between CIS and/or Investors and plaintiffs, resulting in severe damage to plaintiffs in their ability to hedge their business operations, to effectively and profitably conduct business operations and affairs, and to otherwise conduct unlimited trading on credit for oranges and other commodities.

12.     Upon information and belief, at all times relevant, defendants' motive in canceling the security agreement and trading account was to punish plaintiffs for the commencement and prosecution of the meritorious lawsuit in Brazil, and to otherwise

3

wrongfully use their substantial leverage and economic power to dissuade or inhibit plaintiffs from prosecuting said matter in Brazil.

13.    As part of the scheme and furtherance of their wrongful conduct, Cargill contacted the New York office of CIS and/or Investors in 2000 and directed CIS and/or Investors to "cut their heads" and to cease all trading on behalf of plaintiffs, and/or to cancel the CIS/Investors credit line, in order to wrongfully, maliciously, intentionally and improperly, punish said plaintiffs for the filing of the Brazilian lawsuit and to otherwise extort plaintiff into withdrawing the Brazilian suit unfairly, improperly, and without legal authority or right; numerous other phone meetings took place in New York and elsewhere as part of defendants' plan to punish plaintiffs for filing the Brazilian lawsuit.

14.    During the period of March – May, and thereafter, CIS/Investors renewed the Loan Agreement under the same advanteous terms as heretofore so that plaintiffs could continue to make unlimited trades on credit with the defendants.

15.    Defendants represented that the Loan Agreement was renewed, and that plaintiffs' rights and remedies to freely trade on a full credit basis in accordance with the long term course of dealing between the parties and plaintiff's relied upon those representations to their detriment.

16.    In late March 2000, after the Loan Agreement was renewed by the defendants, CIS/Investors wrote a letter to plaintiffs confirming that the plaintiffs had maintained sound, professional and proper business practices with CIS/Investors, thereby acknowledging that good and adequate conditions had been met to renew the Loan Agreement under the same terms and conditions that the parties had heretofore operated.

4

17.    Upon information and belief, beginning at that time, plaintiffs continued to trade with CIS/Investors so that plaintiffs could continue to hedge their orange juice growing business with futures and other instruments handled by defendants.

18.    At all times relevant, in March and April 2000, and thereafter, plaintiffs placed numerous trading orders with the defendants particularly CIS/Investors after the renewal of the Loan Agreement and that such trades were open and existing after the supposed end date of the Loan Agreement, many of them expiring in September 2000, thereby acknowledging and recognizing that the Loan Agreement and the plaintiffs' trading thereunder was renewed and continued after the alleged May 2000 expiration date.

19.    Beginning in April/May 2000, despite the fact that CIS/Investors was supposed to operate independently and separately from the other defendant Cargill entities, a related company began to exert wrongful and improper pressure upon CIS/Investors and other Cargill entities to retaliate against JF and Intercitrus in their business operations.

20.    In August 2000, as a pretext, CIS/Investors claimed that plaintiffs' critical trading privileges were allegedly discontinued because of delays in margin remittances from the plaintiffs even though all payments were timely and properly made, thereby evidencing that the reason for the wrongful cancellation of the Loan Agreement was the wrongful pressure and retaliatory acts initiated by the defendants.

21.    On or before August 10, 2000, CIS/Investors forwarded a copy of an Exemption Application filed with the New York Coffee, Cocoa and Sugar Exchange requesting an exemption to permit plaintiffs to place futures and derivative trades with CIS/Investors above

5

and beyond the limits of the exchange due to plaintiffs' large hedging needs , acknowledging that future trading was contemplated and recognized between the parties.

22.    Even after the alleged expiration of the May 2000 Loan Agreement, defendants continued to retain and hold the farms pledged by the plaintiffs as collateral to the credit for any trading conducted by the plaintiffs, thereby acknowledging that the trading rights and obligations and that existed under the Loan Agreement, and as part of the course of conduct an business between the parties, was and in fact continued and renewed.

### FIRST CAUSE OF ACTON

23.    Plaintiffs repeat and reallege each and every allegation contained in paragraph "1" through "22" hereof with the same force and effect as if fully set forth at length herein.

24.    Defendants' cancellation of the Loan Agreement and security agreement constituted a breach of their duties, responsibilities and obligations.

25.    As a result of defendants' wrongful cancellation of plaintiffs' unlimited credit line for commodity trading, plaintiffs were unable to effectuate hedge trading thereby damaging plaintiffs in their commercial business operations.

26.    By reason of the foregoing, defendants are liable to plaintiffs in an amount as yet undetermined but in excess of $1,000,000.00.

6

WHEREFORE, plaintiffs demands judgment against the defendants in an amount as yet undetermined, but in excess of $1,000,000 plus costs, expenses and disbursements incurred herein.

HERZFELD & RUBIN, P.C.

By _____

MICHAEL B. SENA
Attorneys for Plaintiffs
JF CORPORATION, and INTERCITRUS
EXPORT LTD.
40 Wall Street
New York, New York 10005
Tel: (212) 471-8527

7

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
03/26/2007
Log Number 512071947

**TO:**  JoAnne Shafer
Cargill, Incorporated
Cargill Office Center, 15407 McGinty Road West
Wayzata, MN, 55391

**RE:**  **Process Served in New York**

**FOR:**  CARGILL INVESTOR SERVICES, INC. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JF Corporation and Intercitrus Export Ltd., Pltfs. vs. CIS Financial Services, Inc., et al. including Cargill Investor Services, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Verified Complaint |
| **COURT/AGENCY:** | New York County: Supreme Court, NY<br>Case # 103254/07 |
| **NATURE OF ACTION:** | Wrongful cancellation of Pltf.'s unlimited credit line for commodity trading |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 03/26/2007 postmarked on 03/21/2007 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after the service is complete |
| **ATTORNEY(S) / SENDER(S):** | Michael B. Sena<br>Herzfeld & Rubin, P.C.<br>40 Wall Street<br>New York, NY, 10005<br>212-471-8527 |
| **REMARKS:** | Refer to previous log # 511494314 forwarded on 09/21/2006. Papers were served on the New York State Secretary of State on 3/19/2007. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/26/2007, Expected Purge Date: 03/31/2007<br>Image SOP - Page(s): 12<br>Email Notification, JoAnne Shafer joanne_shafer1@cargill.com<br>Email Notification, Karen Gooch karen_gooch@cargill.com<br>Email Notification, Trisha Smith trisha_smith@cargill.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Christopher Tilton |
| **ADDRESS:** | 111 Eighth Avenue<br>New York, NY, 10011 |
| **TELEPHONE:** | 212-894-8940 |

Page 1 of 1 / EB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

State of New York - Department of State
Division of Corporations

Party Served:                                    Plaintiff/Petitioner:
 CARGILL INVESTOR SERVICES, INC.                   JF CORPORATION


C/O C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK,  NY 10011


Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of
State on 03/19/2007 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW.
 This copy is being transmitted pursuant to such statute to the address
provided for such purpose.


                                        Very truly yours,
                                    Division of Corporations

SUPREME COURT OT THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

JF CORPORATION and INTERCITRUS
EXPORT LTD.,

                                    Plaintiffs,

                    - against -

CIS FINANCIAL SERVICES, INC., CARGILL,
INC., and CARGILL INVESTOR SERVICES,
INC.,

                                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

To the above named defendant(s)

Index No. 103254/07

**SUMMONS**

Plaintiffs designate:
New York County as the
place of trial

The basis of the venue is
County where Defendants
maintain their place of
business

     ***YOU ARE HEREBY SUMMONED*** to answer the Verified Complaint and Jury Trial Demanded in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within twenty (20) days after the service of this supplemental summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
      March 6, 2007

              HERZFELD & RUBIN, P.C.

          By
              MICHAEL B. SENA, ESQ.
          Attorneys for Plaintiffs
          JF CORPORATION and INTERCITRUS
          EXPORT LTD
          40 Wall Street
          New York, New York 10005
          Tel: (212) 471-8527

TO:

NEW YORK
COUNTY CLERK'S OFFICE
MAR 0 9 2007
NOT COMPARED
WITH COPY FILED

TO:

CIS FINANCIAL SERVICES, INC.
c/o New York Secretary of State
Albany, New York

CARGILL INC.
c/o New York Secretary of State
Albany, New York

CARGILL INVESTOR SERVICES, INC.
c/o New York Secretary of State
Albany, New York

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

JF CORPORATION and INTERCITRUS
EXPORT LTD.,                                          **VERIFIED COMPLAINT**

                                   Plaintiffs,        **JURY TRIAL DEMANDED**

          - against -

CIS FINANCIAL SERVICES, INC., CARGILL,
INC., and CARGILL INVESTOR SERVICES,
INC.,
                                   Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

          Plaintiffs, JF CORPORATION ("JF"), and INTERCITRUS EXPORT LTD.,

("Intercitrus"), by their attorneys, Herzfeld & Rubin, P.C., 40 Wall Street, New York, New

York, by Michael B. Sena, Esq., as and for their Verified Complaint against the defendants,

allege, upon information and belief, as follows:

          1.        At all times relevant, plaintiff JF is a corporation duly organized and

existing under the laws of the Bahamas.

          2.        At all times relevant, plaintiff Intercitrus is a company duly organized and

existing under the laws of the Bahamas in the business of international trading of orange juice

and other products.

          3.        Upon information and belief, at all times relevant, defendant CIS

FINANCIAL SERVICES, INC. ("CIS"), is a financial services company organized under the

laws of the State of Delaware, with a principal place of business at Sears Tower, Suite 2300, 233

South Wacker Drive, Chicago, Illinois 60606, and is a wholly owned subsidiary of Cargill, Inc.,

and maintains an office at One World Financial Center, New York, New York.

   4. Upon information and belief, at all times relevant, defendant CARGILL,

INC. ("Cargill"), is multinational corporation organized under the laws of the State of Delaware,

and is engaged in commodities trading and purchasing in New York and throughout the world,

and is the parent company of CIS, and maintains a place of business at One World Financial

Center, New York, New York.

   5. Upon information and belief, at all times relevant, defendant CARGILL

INVESTOR SERVICES, INC. ("Investors"), is a financial services company organized under

the laws of the State of Delaware, with a principal place of business at Sears Tower, Suite 2300,

233 South Wacker Drive, Chicago, Illinois 60606, and is a wholly owned subsidiary of Cargill,

Inc., and maintains an office at One World Financial Center, New York, New York.

## FACTUAL ALLEGATIONS

   6. On or about April 27, 1998, CIS and/or Investors and JF entered into a

certain Loan Agreement whereby CIS and/or Investors agreed to effectuate certain commodities

trading orders submitted by plaintiffs so that the plaintiffs could prudently hedge their citrus

growing business operations in order to minimize the price fluctuations in oranges and other

commodities.

   7. Although the initial commodities credit line was limited to $1,000,000, by

subsequent agreement between the parties, CIS and/or Investors agreed to extend an unlimited

credit line account to plaintiffs for their commodities trading through CIS and/or Investors.

2

8.      Thereafter, the parties and others entered into a Security Agreement in order to secure any obligations on the part of the plaintiffs incurred under the Loan Agreement for the commodities trading made by the aforementioned parties.

9.      As part of the guarantee to secure the trading activities of plaintiffs with CIS and/or Investors, plaintiffs pledged certain farms in Brazil to a related company to the defendants to secure the debts of plaintiffs herein.

10.     Thereafter, at all times relevant, in early 2000, a company known as Comitrus, the parent company of Intercitrus, commenced a meritorious action in Brazil against a company related to the defendants, among others, for breach of contract, to purchase and process oranges from the farms in Brazil owned by Comitrus, its shareholders and suppliers, the parent of Intercitrus.

11.     Fully aware of the pendency of the Brazilian action, defendants improperly attempted to influence, dissuade, and otherwise inhibit plaintiffs from prosecuting the suit in Brazil, by, among other things, maliciously canceling the guaranty to plaintiffs in 2000, interfering with the business operations and relations of plaintiffs with CIS and/or Investors and others, canceling the trading account between CIS and/or Investors and plaintiffs, resulting in severe damage to plaintiffs in their ability to hedge their business operations, to effectively and profitably conduct business operations and affairs, and to otherwise conduct unlimited trading on credit for oranges and other commodities.

12.     Upon information and belief, at all times relevant, defendants' motive in canceling the security agreement and trading account was to punish plaintiffs for the commencement and prosecution of the meritorious lawsuit in Brazil, and to otherwise

3

wrongfully use their substantial leverage and economic power to dissuade or inhibit plaintiffs from prosecuting said matter in Brazil.

13.     As part of the scheme and furtherance of their wrongful conduct, Cargill contacted the New York office of CIS and/or Investors in 2000 and directed CIS and/or Investors to "cut their heads" and to cease all trading on behalf of plaintiffs, and/or to cancel the CIS/Investors credit line, in order to wrongfully, maliciously, intentionally and improperly, punish said plaintiffs for the filing of the Brazilian lawsuit and to otherwise extort plaintiff into withdrawing the Brazilian suit unfairly, improperly, and without legal authority or right; numerous other phone meetings took place in New York and elsewhere as part of defendants' plan to punish plaintiffs for filing the Brazilian lawsuit.

14.     During the period of March – May, and thereafter, CIS/Investors renewed the Loan Agreement under the same advanteous terms as heretofore so that plaintiffs could continue to make unlimited trades on credit with the defendants.

15.     Defendants represented that the Loan Agreement was renewed, and that plaintiffs' rights and remedies to freely trade on a full credit basis in accordance with the long term course of dealing between the parties and plaintiff's relied upon those representations to their detriment.

16.     In late March 2000, after the Loan Agreement was renewed by the defendants, CIS/Investors wrote a letter to plaintiffs confirming that the plaintiffs had maintained sound, professional and proper business practices with CIS/Investors, thereby acknowledging that good and adequate conditions had been met to renew the Loan Agreement under the same terms and conditions that the parties had heretofore operated.

4

17.    Upon information and belief, beginning at that time, plaintiffs continued to trade with CIS/Investors so that plaintiffs could continue to hedge their orange juice growing business with futures and other instruments handled by defendants.

18.    At all times relevant, in March and April 2000, and thereafter, plaintiffs placed numerous trading orders with the defendants particularly CIS/Investors after the renewal of the Loan Agreement and that such trades were open and existing after the supposed end date of the Loan Agreement, many of them expiring in September 2000, thereby acknowledging and recognizing that the Loan Agreement and the plaintiffs' trading thereunder was renewed and continued after the alleged May 2000 expiration date.

19.    Beginning in April/May 2000, despite the fact that CIS/Investors was supposed to operate independently and separately from the other defendant Cargill entities, a related company began to expert wrongful and improper pressure upon CIS/Investors and other Cargill entities to retaliate against JF and Intercitrus in their business operations.

20.    In August 2000, as a pretext, CIS/Investors claimed that plaintiffs' critical trading privileges were allegedly discontinued because of delays in margin remittances from the plaintiffs even though all payments were timely and properly made, thereby evidencing that the reason for the wrongful cancellation of the Loan Agreement was the wrongful pressure and retaliatory acts initiated by the defendants.

21.    On or before August 10, 2000, CIS/Investors forwarded a copy of an Exemption Application filed with the New York Coffee, Cocoa and Sugar Exchange requesting an exemption to permit plaintiffs to place futures and derivative trades with CIS/Investors above

5

and beyond the limits of the exchange due to plaintiffs' large hedging needs , acknowledging that future trading was contemplated and recognized between the parties.

22.    Even after the alleged expiration of the May 2000 Loan Agreement, defendants continued to retain and hold the farms pledged by the plaintiffs as collateral to the credit for any trading conducted by the plaintiffs, thereby acknowledging that the trading rights and obligations and that existed under the Loan Agreement, and as part of the course of conduct an business between the parties, was and in fact continued and renewed.

## FIRST CAUSE OF ACTON

23.    Plaintiffs repeat and reallege each and every allegation contained in paragraph "1" through "22" hereof with the same force and effect as if fully set forth at length herein.

24.    Defendants' cancellation of the Loan Agreement and security agreement constituted a breach of their duties, responsibilities and obligations.

25.    As a result of defendants' wrongful cancellation of plaintiffs' unlimited credit line for commodity trading, plaintiffs were unable to effectuate hedge trading thereby damaging plaintiffs in their commercial business operations.

26.    By reason of the foregoing, defendants are liable to plaintiffs in an amount as yet undetermined but in excess of $1,000,000.00.

6

WHEREFORE, plaintiffs demands judgment against the defendants in an amount as yet undetermined, but in excess of $1,000,000 plus costs, expenses and disbursements incurred herein.

HERZFELD & RUBIN, P.C.

By _____

MICHAEL B. SENA
Attorneys for Plaintiffs
JF CORPORATION, and INTERCITRUS
EXPORT LTD.
40 Wall Street
New York, New York 10005
Tel: (212) 471-8527

7

**DEPARTMENT OF STATE**
UNIFORM COMMERCIAL CODE
41 STATE STREET
ALBANY, NY 12231-0001

DOS 0049 (1/00)

Sender:

USA/CERTIFIED

* Patents 5,575,277 *
* 5,697,646 * 5,848,809 *
5-UP Laser Form * /USA CMF-078 11/05 *



UNITED STATES POSTAL

$ 05.12°
000437474734
MAILED FROM ZIP CODE 12231

02 1A
MAR 21 2007

PITNEY BOWES